IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN THE MATTER OF )
THE COMPLAINT OF )
) No. **00C 2605**
JOSEPH I. NEVERAUSKAS, )
an individual, as owner of the )
vessel "GHOSTRIDER" for exoneration) In Admiralty
from or limitation of liability )

JUDGE LEINENWEBER
MAGISTRATE JUDGE LEVIN

COMPLAINT FOR EXONERATION
FROM OR LIMITATION OF LIABILITY
<u>                                      </u>

Plaintiff, JOSEPH I. NEVERAUSKAS ("NEVERAUSKAS"), an individual, as owner of the vessel "GHOSTRIDER", by his attorneys, BELGRADE AND O'DONNELL, P.C., for his Complaint seeking exoneration from or limitation of liability, states as follows:

1. This is an admiralty action for exoneration from or limitation of liability brought pursuant to 46 U.S.C. 183 <u>et seq.</u> and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. The Plaintiff, NEVERAUSKAS, an individual who resides in the State of Illinois, is and was at the times hereinafter mentioned, the owner of the vessel "GHOSTRIDER".

3. The vessel "GHOSTRIDER" is a sailboat/motorboat of a make known as a 1986 Hunter 29 and is 29 feet in length. The vessel bears Hull No. HUN29433F686. Said vessel, at all relevant times, was operated on the Chicago River, a navigable waterway of the United States.

4. The Plaintiff, NEVERAUSKAS, exercised due diligence to make the vessel "GHOSTRIDER" in all respects seaworthy and she

was, in fact, tight, staunch and strong, and in all respects seaworthy and fit for the service and operation in which she was engaged at the times hereinafter mentioned and at all times prior thereto.

5. On or about October 17, 1999, ROBERT OCASIO, ("OCASIO"), was aboard a 25 foot sailboat commonly referred to as the "St. Brendan," as it sailed upon the navigable waters of the Chicago River in the vicinity of the Jackson Street and Van Buren Street bridges, Chicago, Illinois.

6. On or about October 17, 1999, the vessel "GHOSTRIDER," was part of a group of vessels, travelling south along the Chicago River on their way to a yacht yard for purposes of winter storage.

7. As this group of vessels traveled south along the Chicago River, a number of vessels, including the "GHOSTRIDER," were delayed between lowered bridges located in the vicinity of the Jackson Street and Van Buren Street bridges, Chicago, Illinois, awaiting the raising of the bridges to allow said vessels the necessary clearance to continue their journey.

8. While said vessels, including the "GHOSTRIDER," were delayed between the bridges located in the vicinity of the Jackson Street and Van Buren Street bridges, the "GHOSTRIDER" stood by, floating in the water, at a near standstill.

9. At this same time, the "St. Brendan" was tied to a barge or other stationary object along the Chicago River in the same vicinity.

10. For no apparent reason, OCASIO attempted to move onto

2

or about the "St. Brendan" toward the "GHOSTRIDER" as the "GHOSTRIDER" continued to float in the vicinity, at a near standstill.

11. In attempting to move onto or about the "St. Brendan," OCASIO claims he was injured.

12. Pursuant to recognized marine procedure, custom and practice, the "GHOSTRIDER" prepared to and did fend off the "St. Brendan" such that at no time did the "GHOSTRIDER" create a risk to, collide with, or otherwise impact the "St. Brendan."

13. As a result of these events, OCASIO allegedly suffered injury and damage in an amount exceeding $50,000.00.

14. As set forth in Paragraphs 5 through 13, inclusive, of this Complaint, the alleged occurrence and resulting injuries, and any alleged damages sustained, occurred without the privity and/or knowledge of the Plaintiff and any alleged injuries and damages sustained by OCASIO or any other individual or entity, were not caused or contributed to by any negligence, fault, neglect, unsafe act or lack of due care on the part of Plaintiff or anyone for whom Plaintiff may be responsible, or by any failure of Plaintiff to exercise due diligence to make the vessel seaworthy, but rather, said injuries and damages resulted solely from the negligence, misconduct, unsafe act and fault of OCASIO and/or other persons for whom Plaintiff is not responsible.

15. The Plaintiff is not liable to OCASIO, or any other individual or entity for any injuries or damages done, occasioned, incurred or resulting by reason of the said occurrence referred to in Paragraphs 5 through 13, inclusive,

3

above, and Plaintiff claims and is entitled to exoneration from liability for all such injuries and damages. Alternatively, without admitting, but rather affirmatively denying liability, Plaintiff claims and is entitled to the benefit of limitation of liability for any and all claims which may be made and proven against him as provided by 46 U.S.C., paragraphs 183-189, and all acts amendatory thereof and supplemental thereto and concurrently with the filing of this Complaint, deposits security with the Clerk of the Court in the amount of the value of the vessel and freight then pending.

16. The value of the vessel "GHOSTRIDER" after the said occurrence was less than $30,000.00, but in any event, did not exceed that amount. There was no freight pending and the entire aggregate value of the interest of the Plaintiff in said vessel and freight then pending does not exceed $30,000.00.

17. Subject to the appraisal of Plaintiff's interest in the vessel "GHOSTRIDER", the Plaintiff submits an <u>Ad Interim</u> Stipulation for value not to exceed the sum of $30,000.00, being Plaintiff's interest in said vessel plus pending freight.

18. This Complaint for Exoneration From or Limitation of Liability is filed within six months after any written notice of claim from any claimant.

**WHEREFORE**, Plaintiff, JOSEPH I. NEVERAUSKAS, prays that:

a. The Court enter an Order directing the issuance of a Monition to all persons possessing or claiming to possess a claim for any and all injuries, damages or

4

        other losses done, occasioned or incurred by, or resulting from the aforesaid occurrence, compelling them to appear before this court and to file and make due proof of their respective claim and also to appear and answer the allegations of this Complaint, according to the law and practice of this Court at or before a certain time to be fixed in the Monition; and,

b.    The Court enter an Order enjoining the further prosecution and the commencement and prosecution of any and all claims, lawsuits and proceedings of any kind resulting or in any way relating to the aforesaid occurrence and any and all actions, lawsuits and proceedings of any kind against Plaintiff or against the vessel "GHOSTRIDER" to recover damages alleged to have been sustained and arising out of or occasioned by the aforesaid occurrence, except in this proceeding; and,

c.    The Court adjudge and find:

    1.    That the Plaintiff, NEVERAUSKAS, is not liable to anyone to any extent for any injury, damage, or loss for any claim whatsoever in any way arising out of or in consequence of matters set out herein; and,

    2.    Or alternatively, if the Plaintiff shall be adjudged liable, said liability shall be limited to the amount in value of the Plaintiffs interest in the vessel "GHOSTRIDER" together with the

5

freight pending at the time of the aforesaid occurrence (an amount not to exceed $30,000.00), so that the Plaintiff will be discharged from any and all said liability to all complainants by the payment of an amount equal to that value and the freight then pending; and,

d. Plaintiff receives such other and further relief as may be proper.

JOSEPH I. NEVERAUSKAS

By: _____
One of His Attorneys

Steven B. Belgrade
John A. O'Donnell
George M. Velcich
James Saranteas
**BELGRADE AND O'DONNELL, P.C.**
311 South Wacker Drive - Suite 2770
Chicago, Illinois 60606
(312) 360-9500
209045\Complaint for Limitation

6

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

IN THE MATTER OF
THE COMPLAINT OF
JOSEPH I. NEVERAUSKAS, an individual, as owner of the vessel "GHOSTRIDER" for exoneration from or limitation of liability

**DEFENDANTS**

N/A

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** COOK
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

00C 2605

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

BELGRADE AND O'DONNELL, P.C.
311 S. Wacker Drive, Suite 2770
Chicago, Illinois 60606

**ATTORNEYS (IF KNOWN)**

JUDGE LEINENWEBER

MAGISTRATE JUDGE LEVIN

**II. BASIS OF JURISDICTION** (PLACE AN × IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question 9(h) (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Plaintiff seeks exoneration or limitation of liability in this admiralty action pursuant to 46 U.S.C. 183 and Rule F of the Supplemental Rules of Certain Admiralty and Maritime Claims.

**V. NATURE OF SUIT** (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **LABOR** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Other | | | |

**VI. ORIGIN** (PLACE AN × IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23    **DEMAND $** N/A    Check YES only if demanded in complaint: **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): N/A    JUDGE _____ DOCKET NUMBER _____

DATE: 4-28-00

SIGNATURE OF ATTORNEY OF RECORD: /s/ Ann B Belgrade

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**In the Matter of**

THE COMPLAINT OF
JOSEPH I. NEVERAUSKAS, an individual,
as owner of the vessel "GHOSTRIDER" for
exoneration from or limitation of liability

Case Number: **00C 2605**

In Admiralty

JUDGE LEINENWEBER
MAGISTRATE JUDGE LEVIN

**APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:**

JOSEPH I. NEVERAUSKAS

### (A)
- SIGNATURE: [signed]
- NAME: STEVEN B. BELGRADE
- FIRM: BELGRADE AND O'DONNELL, P.C.
- STREET ADDRESS: 311 S. WACKER DR., SUITE 2770
- CITY/STATE/ZIP: CHICAGO, IL 60606
- TELEPHONE NUMBER: 312/360-9500
- IDENTIFICATION NUMBER: 160008
- MEMBER OF TRIAL BAR? YES ☒ NO ☐
- TRIAL ATTORNEY? YES ☒ NO ☐

### (B)
- SIGNATURE: [signed]
- NAME: JOHN A. O'DONNELL
- FIRM: SAME
- STREET ADDRESS:
- CITY/STATE/ZIP:
- TELEPHONE NUMBER:
- IDENTIFICATION NUMBER: 6181205
- MEMBER OF TRIAL BAR? YES ☒ NO ☐
- TRIAL ATTORNEY? YES ☒ NO ☐
- DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒

### (C)
- SIGNATURE: [signed]
- NAME: GEORGE M. VELCICH
- FIRM: SAME
- STREET ADDRESS:
- CITY/STATE/ZIP:
- TELEPHONE NUMBER:
- IDENTIFICATION NUMBER: 3127772
- MEMBER OF TRIAL BAR? YES ☒ NO ☐
- TRIAL ATTORNEY? YES ☒ NO ☐
- DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒

### (D)
- SIGNATURE: [signed]
- NAME: JAMES SARANTEAS
- FIRM: SAME
- STREET ADDRESS:
- CITY/STATE/ZIP:
- TELEPHONE NUMBER:
- IDENTIFICATION NUMBER: 6270954
- MEMBER OF TRIAL BAR? YES ☐ NO ☒
- TRIAL ATTORNEY? YES ☐ NO ☒
- DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.